UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF NEW JERSEY

|  |  |
|---|---|
| WARREN R. KRAFT, | : |
| Plaintiff, | : |
| v. | : Civ. Action No. 16-5729-BRM-LHG |
| WELLS FARGO & COMPANY, WELLS FARGO BANK, N.A., SERVICELINK FIELD SERVICES, INC., formerly known as FIS Field Services, Inc., formerly known as Black Night Field Services, BLACK KNIGHT INFOSERVE, INC., formerly Lender Processing Services, Inc., TOWNSHIP OF MIDDLETOWN NJ, a body politic, BRIAN O'CALLIHAN, in his official capacity and individually, and JOHN DOES 1-10, | : OPINION |
| Defendants. | : |

**MARTINOTTI, DISTRICT JUDGE**

Before this Court is a Motion for Reconsideration filed by *pro se* Plaintiff Warren R. Kraft ("Kraft") (ECF No. 57), seeking reconsideration of the Court's July 31, 2017 Opinion and Order (ECF Nos. 55 & 56), which granted in part and denied in part motions to dismiss filed by Defendants Wells Fargo & Company and Wells Fargo Bank, N.A. (collectively "Wells Fargo") (ECF No. 15) and Defendant ServiceLink Field Services, LLC ("ServiceLink")[1] (ECF No. 33), and granted a motion to dismiss filed by Defendants Township of Middletown ("Middletown")

---

[1] ServiceLink is improperly pled as "Servicelink Field Services, Inc., Black Knight Infoserv, Inc., and Black Knight Management Services."

and Brian O'Callahan's ("O'Callahan") (collectively with Middletown, "Middletown Defendants")[2] (ECF No. 36). Wells Fargo (ECF No. 60), ServiceLink (ECF No. 59), and Middletown Defendants (ECF No. 58) oppose Plaintiff's motion. Pursuant to Federal Rule of Civil Procedure 78(b), the Court did not hear oral argument. For the reasons set forth herein, Kraft's Motion for Reconsideration is **DENIED**.

## I. BACKGROUND

The underlying facts and procedural background are set forth at length in the Court's December 22, 2016 Opinion (ECF No. 55), from which Kraft seeks reconsideration. In the interest of judicial economy, the Court refers the parties to that Opinion for a full recitation of the factual background of this dispute.

In summary, the lawsuit arises from a series of disputes related to Kraft's residence at 7 Seneca Drive in Middletown, New Jersey 07749 (the "Property"), and follows foreclosure proceedings (the "Foreclosure Action") filed on September 29, 2006, in the Superior Court of New Jersey, Monmouth County ("State Court"). (Compl. (ECF No. 1) ¶ 13; ECF No. 15-7.) Well Fargo, which was assigned the mortgage on the property after foreclosure proceedings had begun, obtained an Assignment of Final Judgment and Writ of Execution, followed by an Amended Final Judgment an Amended Writ Execution. (ECF Nos. 15-10 & 15-12.) Wells Fargo retained ServiceLink to inspect and provide field services to the Property. (ECF No. 1 ¶ 29.) Kraft alleges Wells Fargo and/or ServiceLink damaged the Property during these inspections and service visits. (*Id.* ¶¶ 34, 37, 42, 44, 47, 51-52.) He further alleges Middletown Defendants, *inter alia*, trespassed on the Property and turned off his utilities. (*Id.* ¶¶ 28, 87-88, 93.)

---

[2] O'Callahan is improperly pled as "Brian O'Callihan."

On September 20, 2016, Kraft filed the Complaint. (ECF No. 1.) Kraft asserts seven claims: (1) a claim against Middletown Defendants pursuant to 42 U.S.C. § 1983 for violations of his Fourteenth Amendment right to procedural due process (Count One); (2) claims against Wells Fargo and ServiceLink for violations of the Fair Debt Collection Practices Act, 15 U.S.C. §§ 1692, *et seq.* ("FDCPA") (Count Two); (3) claims against Wells Fargo and ServiceLink for property damage (Count Three); (4) a claim against Wells Fargo for defamation (Count Four); (5) a claim against Wells Fargo for slander of title (Count Five); a claim against Wells Fargo for malicious prosecution (Count Six); and (7) claims against Wells Fargo and ServiceLink for trespass to real property (Count Seven).

On July 31, 2017, the Court denied Wells Fargo's and ServiceLink's Motion to Dismiss pursuant to Rule 12(b)(1) and granted their Motions to Dismiss Kraft's FDCPA claims pursuant to Rule 12(b)(6). (ECF Nos. 55 & 56.) The Court also granted Middletown Defendants' Motion to Dismiss the claims against them. (*Id.*) The Court declined to exercise supplemental jurisdiction over Kraft's state law claims. (*Id.*)

Kraft seeks reconsideration of the Court's grant of the Motions to Dismiss, which he argues should have been denied in their entirety. (Br. in Supp. of Pl.'s Mot. for Recon. (ECF No. 57-1) at 1.)

## II. LEGAL STANDARD

While not expressly authorized by the Federal Rules of Civil Procedure, motions for reconsideration are proper pursuant to this District's Local Civil Rule 7.1(i). *See Dunn v. Reed Group, Inc.,* Civ. No. 08–1632, 2010 WL 174861, at *1 (D.N.J. Jan 13, 2010). The comments to that Rule make clear, however, that "reconsideration is an extraordinary remedy that is granted 'very sparingly.'" L.Civ.R. 7.1(i) cmt. 6(d) (quoting *Brackett v. Ashcroft*, Civ. No. 03-3988, 2003

WL 22303078, *2 (D.N.J. Oct. 7, 2003)); *see also Langan Eng'g & Envtl. Servs., Inc. v. Greenwich Ins. Co.,* Civ. No. 07–2983, 2008 WL 4330048, at *1 (D.N.J. Sept. 17, 2008) (explaining that a motion for reconsideration under Rule 7.1(i) is "'an extremely limited procedural vehicle,' and requests pursuant to th[is] rule[ ] are to be granted 'sparingly'") (citation omitted); *Fellenz v. Lombard Investment Corp.*, 400 F. Supp. 2d 681, 683 (D.N.J. 2005).

A motion for reconsideration "may not be used to re-litigate old matters, nor to raise arguments or present evidence that could have been raised prior to the entry of judgment." *P. Schoenfeld Asset Mgmt., LLC v. Cendant Corp.*, 161 F. Supp. 2d 349, 352 (D.N.J. 2001). Instead, Local Civil Rule 7.1(i) directs a party seeking reconsideration to file a brief "setting forth concisely the matter or controlling decisions which the party believes the Judge or Magistrate Judge has overlooked." L.Civ.R. 7.1(i); *see also Bowers v. Nat'l Collegiate Athletic Ass'n,* 130 F. Supp. 2d 610, 612 (D.N.J. 2001) ("The word 'overlooked' is the operative term in the Rule.")

To prevail on a motion for reconsideration, the moving party must show at least one of the following grounds: "(1) an intervening change in the controlling law; (2) the availability of new evidence that was not available when the court [made its initial decision]; or (3) the need to correct a clear error of law or fact or to prevent manifest injustice." *Max's Seafood Café v. Quinteros,* 176 F. 3d 669, 677 (3d Cir. 1999); *see also N. River Ins. Co. v. CIGNA Reinsurance, Co.*, 52 F. 3d 1194, 1218 (3d Cir. 1995) (internal quotations omitted). A court commits clear error of law "only if the record cannot support the findings that led to the ruling." *ABS Brokerage Servs. v. Penson Fin. Servs., Inc.*, No. 09–4590, 2010 WL 3257992, at *6 (D.N.J. Aug. 16, 2010) (*citing United States v. Grape*, 549 F. 3d 591, 603–04 (3d Cir. 2008) "Thus, a party must . . . demonstrate that (1) the holdings on which it bases its request were without support in the record, or (2) would result in 'manifest injustice' if not addressed." *Id.* Moreover, when the assertion is that the Court

4

overlooked something, the Court must have overlooked some dispositive factual or legal matter that was presented to it. *See* L.Civ.R. 7.1(i).

In short, "[m]ere 'disagreement with the Court's decision' does not suffice." *ABS Brokerage Servs.*, 2010 WL 3257992, at *6. (quoting *P. Schoenfeld*, 161 F. Supp. 2d at 353); *see also United States v. Compaction Sys. Corp.*, 88 F. Supp. 2d 339, 345 (D.N.J. 1999) ("Mere disagreement with a court's decision normally should be raised through the appellate process and is inappropriate on a motion for [reconsideration]."); *Florham Park Chevron, Inc. v. Chevron U.S.A., Inc.*, 680 F. Supp. 159, 163 (D.N.J. 1988); *Schiano v. MBNA Corp.*, Civ. No. 05–1771, 2006 WL 3831225, at *2 (D.N.J. Dec. 28, 2006) ("Mere disagreement with the Court will not suffice to show that the Court overlooked relevant facts or controlling law, . . . and should be dealt with through the normal appellate process. . . .") (citations omitted).

### III. DECISION

Kraft argues the Court erred in dismissing his FDCPA claims against Wells Fargo and ServiceLink. (ECF No. 57-1 at 2.) He contends the Court focused only on one alleged FDCPA violation, namely Wells Fargo and ServiceLink's posting of written communications on the Property, despite his allegations of numerous violations. (*Id.*) Kraft refers to allegations in his Complaint that ServiceLink left "misleading" communications on his property, which directed him to call a number registered to Wells Fargo. (*Id.* at 3 (citing ECF No. 1 ¶¶ 57-65).) He also contends the Court ignored his allegations of ServiceLink's unauthorized entry to the Property. (*Id.* at 4.) Finally, Kraft argues the Court failed to consider his sur-reply in his opposition to the Motions to Dismiss (ECF No. 50), in which he argued O'Callahan is not entitled to sovereign immunity. (*Id.*)

The Court finds Kraft fails to cite "an intervening change in the controlling law," nor does he point out evidence that was not available when the Court dismissed his claims or any "clear

5

error[s] of law or fact or to prevent manifest injustice." *Max's Seafood Café*, 176 F. 3d at 677. In the July 31, 2017, the Court recounted the allegations Kraft contends the Court ignored in his Motion for Reconsideration. (*See* ECF No. 55 at 4-5.) Kraft argues he adequately alleged Wells Fargo and ServiceLink violated several sections of the FDCPA, including §§ 1692f(6), 1692d, and 16922e(2)(A) and (7). (ECF No. 57-1 at 4 (citing ECF No. 1 ¶¶ 155-63).) Kraft's Complaint merely mentions those sections of the FDCPA, however, a plaintiff's "obligation to provide the 'grounds' of his 'entitle[ment] to relief' requires more than labels and conclusions, and a formulaic recitation of the elements of a cause of action." *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 555 (2007) (citing *Papasan v. Allain*, 478 U.S. 265, 286 (1986)). Kraft's Complaint falls short of this requirement.

Kraft's argument concerning the Court's failure to consider his sur-reply is equally unpersuasive. While the Court stated Kraft did not dispute in his opposition brief that O'Callahan is entitled to qualified immunity, which Kraft did not, the Court nonetheless conducted a qualified immunity analysis. (ECF No. 55 at 20-22.)

Finally, Kraft argues the Court must retain jurisdiction of his state law claims against Wells Fargo and Service Link because after the dismissal of his claims against Middletown Defendants there is complete diversity of citizenship among the parties, pursuant to 28 U.S.C. § 1332. (Pl.'s Reply Br. in Support of the Mot. for Recon. (ECF No. 62) at 4.) Kraft did not plead diversity jurisdiction as a basis for the Court's jurisdiction, because there was not complete diversity of citizenship when he filed his Complaint. (ECF No. 1.) Kraft must move to amend the Complaint to assert this basis for jurisdiction. *Kiser v. General Elec. Corp.*, 831 F.2d 423, 425 (3d Cir. 1987).

Therefore, Kraft's Motion for Reconsideration is **DENIED**. Kraft may move to amend his Complaint to plead diversity jurisdiction and otherwise cure the pleading deficiencies the Court identified in this Opinion and the Court's Opinion of July 31, 2017.

**IV. CONCLUSION**

For the reasons set forth above, Plaintiff's Motion for Reconsideration (ECF No. 57) is **DENIED**. An appropriate order will follow.

Date: March 28, 2018 */s/ Brian R. Martinotti*
**HON. BRIAN R. MARTINOTTI**
**UNITED STATES DISTRICT JUDGE**