# UNITED STATES DISTRICT COURT
# FOR THE DISTRICT OF NEW JERSEY

|  |  |
|---|---|
| WARREN R. KRAFT, <br><br> Plaintiff, <br><br> v. <br><br> WELLS FARGO & COMPANY; WELLS FARGO BANK, N.A.; and SERVICELINK FIELD SERVICES, LLC <br><br> Defendant. | Civil Action No. 3:16-cv-05729-BRM-LHG <br><br><br> **ORDER** |

**THIS MATTER** is opened to this Court by Plaintiff Warren R. Kraft's ("Kraft") Appeal of the November 20, 2018 Order of Judge Lois H. Goodman, U.S.M.J., denying Kraft's Motion to Amend with respect to the Fair Debt Collection Practices Act ("FDCPA") and 42 U.S.C. § 1983 claims while granting his Motion to Amend the various state law claims asserted. (ECF No. 88.) Defendant ServiceLink ("ServiceLink") filed an Opposition to Kraft's Appeal (ECF No. 97) and Kraft filed a Reply Brief to ServiceLink's Opposition to his Appeal. (ECF No. 101).

**IT APPEARING THAT:**

1. On December 4, 2018, Kraft filed an "Appeal of Magistrate Judge Decision," appealing Magistrate Judge Goodman's November 20, 2018 Order denying his Motion to Amend the FDCPA and § 1983 causes of action (ECF No. 88); and

2. On July 31, 2017, this Court issued an Opinion and Order whereby it dismissed Kraft's FDCPA and § 1983 claims (ECF Nos. 55 & 56); and

3. On August 14, 2017, Kraft filed a Motion for Reconsideration of this Court's July 31, 2017 Opinion and Order dismissing his FDCPA and § 1983 claims (ECF No. 57); and

4. On March 28, 2018, this Court issued an Opinion and Order denying Kraft's Motion for Reconsideration, thereby precluding the FDCPA and § 1983 claims (ECF Nos. 67 & 68); and

5. Notwithstanding this Court's March 28, 2018 Opinion and Order, Kraft filed a Motion to Amend before Magistrate Judge Goodman seeking to re-assert the FDCPA and § 1983 claims (ECF No. 69); and

6. On November 20, 2018, Magistrate Judge Goodman denied Kraft's Motion to Amend insofar as it sought to add the FDCPA and § 1983 claims (ECF No. 84); and

7. Kraft's appeal is procedurally defective as it runs afoul of Local Rule 7.1(b)(2) by omitting a Notice of Motion and Local Rule 7.2(d) as it far exceeds the imposed 15-page limit; and

8. Even so, having reviewed Kraft's Motion and the arguments contained therein, Kraft has failed to demonstrate an intervening change in the controlling case law, the availability of new evidence that was not available at the time of the court's initial opinion, or the need to correct a clear error of fact or law – one of which is required to prevail on a motion for reconsideration. *Max's Seafood Café v. Quinteros*, 176 F.3d 669, 677 (3d Cir. 1999).

**IT IS** on this 31st day of July 2019,

**ORDERED** that Kraft's Appeal from the Decision of Magistrate Judge Goodman (ECF No. 88) is **DENIED**.

*/s/ Brian R. Martinotti*
**HON. BRIAN R. MARTINOTTI**
**UNITED STATES DISTRICT JUDGE**