**REED SMITH LLP**
*Formed in the State of Delaware*
Diane A. Bettino, Esq.
Leidy J. Gutierrez, Esq.
Princeton Forrestal Village
136 Main Street, Suite 250
Princeton, New Jersey 08540
Tel (609) 514-5962
Fax (609) 951-0824
Attorneys for Defendants Wells Fargo & Company & Wells Fargo Bank, N.A.

## UNITED STATES DISTRICT COURT

## DISTRICT OF NEW JERSEY

| | |
|---|---|
| WARREN R. KRAFT,<br><br>             Plaintiff,<br><br>   v.<br><br>WELLS FARGO & COMPANY,<br>WELLS FARGO BANK, N.A., And<br>SERVICELINK FIELD SERVICES,<br>LLC,<br><br>             Defendants. | Civil Action No.<br><br>3:16-05729-BRM-LHG |

## MEMORANDUM OF LAW IN OPPOSITION TO PLAINTIFF'S MOTIONS FOR RECONSIDERATION

# TABLE OF CONTENTS

Page

PRELIMINARY STATEMENT ...............................................................................1

STATEMENT OF RELEVANT FACTS AND PROCEDURAL HISTORY ..........1

LEGAL ARGUMENT ..............................................................................................2

POINT I
STANDARD OF REVIEW FOR MOTION FOR
RECONSIDERATION .........................................................................2

POINT II
PLAINTIFF IS NOT ENTITLED TO RECONSIDERATION............5

    A.    Plaintiff's Claim for Negligence.................................................5

    B.    Plaintiff's Claim for Trespass to Property ..................................6

    C.    Plaintiff's Claim for Malicious Prosecution ..............................7

POINT III
PLAINTIFF IS NOT ENTITLED TO RECONSIDERATION
OF THE ORDER DENYING PLAINTIFF'S APPEAL OF
JUDGE LOIS H. GOODMAN, U.S.M.J.'S NOVEMBER 20,
2018 DECISION ..................................................................................7

POINT IV
PLAINTIFF'S MOTION FOR RECONSIDERATION IS AN
IMPROPER ATTEMPT TO RE-ARGUE HIS CLAIMS AND
DELAY RESOLUTION OF THIS MATTER......................................9

CONCLUSION .......................................................................................................10

# TABLE OF AUTHORITIES

**Page(s)**

**Cases**

Bell Atlantic Corp. v. Twombly,
    550 U.S. 544 (2007).............................................................................1

Boretsky v. Governor of N.J.,
    433 F. App'x 73 (3d Cir. 2011) ...........................................................3

Bowers v. NCAA,
    130 F. Supp. 2d 610 (D.N.J. 2001).....................................................4

Carteret Savings Bank F.A. v. Shushan,
    721 F. Supp. 705 (D.N.J. 1989) ..........................................................3

Chicosky v. Presbyterian Med. Ctr.,
    979 F. Supp. 316 (D.N.J. 1997) ..........................................................3

Dunkley v. Mellon Investor Servs.,
    378 F. App'x 169 (3d Cir. 2010) ........................................................3

Elizabethtown Water Co. v. Hartford Cas. Ins. Co.,
    18 F.Supp.2d 464 (D.N.J. 1998)..........................................................2

G–69 v. Degnan,
    748 F. Supp. 274 (D.N.J. 1990)...........................................................4

Harsco Corp. v. Zlotnicki,
    779 F.2d 906 (3d Cir. 1985) ...............................................................2

Maldonado v. Lucca,
    636 F. Supp. 621 (D.N.J. 1986)...........................................................3

P. Shoenfeld Asset Mgmt. LLC v. Cendent Corp.,
    161 F.Supp.2d 349 (D.N.J. 2001)........................................................2

Pinkowski v. Township of Montclair,
    691 A.2d 837 (N.J. App. Div. 1997) ...................................................6

Polizzi Meats, Inc. v. Aetna Life & Cas. Co.,
    931 F. Supp. 328 (D.N.J. 1996)...........................................................4

Quaker Alloy Casting Co. v. Gulfco Indus., Inc.,
    123 F. R.D. 282 (N.D. Ill. 1988)...........................................................................4

State v. Wouters,
    177 A.2d 299 (N.J. App. Div. 1962) ....................................................................6

Summerfield v. Equifax Info. Servs. LLC,
    264 F.R.D. 133 (D.N.J. 2009)...............................................................................3

U.S. v. DeLaurentis,
    83 F. Supp. 2d 455 (D.N.J.), vac'd on other grounds, 230 F.3d 659
    (3d Cir. 2000).......................................................................................................4

Wilchombe v. TeeVee Toons, Inc.,
    555 F.3d 949 (11th Cir. 2009) ..............................................................................3

Yurecko v. Port Authority Trans–Hudson Corp.,
    279 F.Supp.2d 606 (D.N.J. 2003)........................................................................2

## PRELIMINARY STATEMENT

The Court should deny the "Motion for Reconsideration" filed by Plaintiff Warren R. Kraft ("Plaintiff"). Plaintiff has not satisfied the standard for reconsideration under Local Rule 7.1(i) because Plaintiff presents no factual or legal matters "overlooked" by the Court in granting Defendants Wells Fargo & Company & Wells Fargo Bank, N.A.'s ("Wells Fargo") Motion to Dismiss the Amended Complaint. Instead, Plaintiff simply disagrees with the Court's decision and attempts to reargue the arguments he has made since the inception of this case as well as arguments that were already decided by the Court. Therefore, Plaintiff's Motion should be denied.

## STATEMENT OF RELEVANT FACTS AND PROCEDURAL HISTORY

On July 31, 2019, this Court entered an Opinion and Order, granting Wells Fargo's Motion to Dismiss the Amended Complaint pursuant to Federal rule of Civil Procedure 12(b)(6) with prejudice. *ECF No. 104 & 106.*

In its decision, the Court ruled that Plaintiff's Amended Complaint was too threadbare to state a claim, lacked legal support, and did not present sufficient factual matter to "state a claim for relief that is plausible on its face." Bell Atlantic Corp. v. Twombly, 550 U.S. 544, 570 (2007). *ECF No. 104, Opinion at 15.*

On August 12, 2019, Plaintiff filed a "Motion for Reconsideration and to Vacate this Court's July 31, 2019 Order by the Hon. Brian R. Martinotti granting

Wells Fargo's Motion to Dismiss and ServiceLink's Motion to Dismiss the Amended Complaint." *ECF No. 107.* Plaintiff argues that the Court's decision is a clear error of law and fact because the Court overlooked factual allegations in Plaintiff's First Amended Complaint. *Id.* In actuality, Plaintiff merely attempts to reargue and rehash the prior allegations already considered and rejected by this Court.

## LEGAL ARGUMENT

## POINT I

### STANDARD OF REVIEW FOR MOTION FOR RECONSIDERATION

A motion for reconsideration is governed by Local Civil Rule 7.1(i). The purpose of a Motion for Reconsideration is "to correct manifest errors of law or fact or to present newly discovered evidence." Harsco Corp. v. Zlotnicki, 779 F.2d 906, 909 (3d Cir. 1985); see also P. Shoenfeld Asset Mgmt. LLC v. Cendent Corp., 161 F.Supp.2d 349, 352 (D.N.J. 2001), Yurecko v. Port Authority Trans–Hudson Corp., 279 F.Supp.2d 606, 609 (D.N.J. 2003).

Local Civil Rule 7.1(i) requires that the moving party set forth "concisely the matters or controlling decisions which the party believes the Judge . . . has overlooked." "[A] mere 'recapitulation of the cases and arguments considered by the court before rendering its original decision'" does not warrant re-argument. Elizabethtown Water Co. v. Hartford Cas. Ins. Co., 18 F.Supp.2d 464, 466 (D.N.J.

1998) (quoting <u>Carteret Savings Bank F.A. v. Shushan</u>, 721 F. Supp. 705, 706 (D.N.J. 1989)).   Motions for reconsideration under Local Civil Rule 7.1(i) are extremely limited procedural vehicles.  <u>Chicosky v. Presbyterian Med. Ctr.</u>, 979 F. Supp. 316, 318 (D.N.J. 1997) (citations omitted).   Relief pursuant to the Rule is granted "very sparingly," and only as necessary to "correct a clear error of law or prevent manifest injustice" resultant from the Court having overlooked a factual or legal matter previously presented to it.   <u>Maldonado v. Lucca</u>, 636 F. Supp. 621, 630 (D.N.J. 1986).

A movant for reconsideration may not "relitigate old matters" or "raise argument or present evidence that could have been raised prior to the entry of judgment."   <u>Boretsky v. Governor of N.J.</u>, 433 F. App'x 73, 78 (3d Cir. 2011) (quoting <u>Wilchombe v. TeeVee Toons, Inc.</u>, 555 F.3d 949, 957 (11th Cir. 2009)); <u>accord</u> <u>Dunkley v. Mellon Investor Servs.</u>, 378 F. App'x 169, 172 (3d Cir. 2010). "This prohibition includes new arguments that were previously available, but not pressed."   <u>Wilchombe</u>, 555 F.3d at 957; <u>see also</u> <u>Summerfield v. Equifax Info. Servs. LLC</u>, 264 F.R.D. 133, 145 (D.N.J. 2009) ("A motion for reconsideration will [] fail if the moving party raises argument[s] . . . that could have been raised . . . before the original decision was reached.").

In accordance with the Rule, properly filed motions must identify dispositive factual matters or controlling decisions of law which were in fact presented to the

Court but not considered.  Polizzi Meats, Inc. v. Aetna Life & Cas. Co., 931 F. Supp. 328, 339-40 (D.N.J. 1996) (re-argument is not a vehicle allowing an unsuccessful party to supplement its earlier brief on issues addressed in original motion).  Such motions are not to be used "to ask the court to rethink what it has already thought through – rightly or wrongly."  Bowers v. NCAA, 130 F. Supp. 2d 610, 613 (D.N.J. 2001) ("[S]uch motions are not an opportunity to argue what could have been, but was not, argued in the original set of . . .  papers."); see also Quaker Alloy Casting Co. v. Gulfco Indus., Inc., 123 F. R.D. 282, 288 (N.D. Ill. 1988) ("[T]his court's opinions are not intended as mere first drafts, subject to revision and reconsideration at a litigant's pleasure.").  Neither are such motions available "as a means of having a second bite at the proverbial apple."  U.S. v. DeLaurentis, 83 F. Supp. 2d 455, 473 n.2 (D.N.J.), vac'd on other grounds, 230 F.3d 659 (3d Cir. 2000).  A party seeking reconsideration of the Court's Order "must show more than a disagreement with the Court's decision."  G–69 v. Degnan, 748 F. Supp. 274, 275 (D.N.J. 1990).

Here, Plaintiff has merely rehashed his prior arguments that were already considered and rejected by this Court.  Plaintiff has presented no reason for this Court to reconsider or disturb the prior decision and the Motion should be denied.

## POINT II

### PLAINTIFF IS NOT ENTITLED TO RECONSIDERATION

Plaintiff argues that the Court overlooked certain facts and misapplied the standards and drew inferences most favorable to the Defendants, thereby raising the legal burden on Plaintiff and prejudicing him.  However, Plaintiff ignores the procedural history of this case and the determinations made by the Court which are plainly germane to the failure of his claims.

In deciding Wells Fargo's Motion to Dismiss, the Court summarized each Count of the Complaint and why the claims fail.  In his Motion, Plaintiff did not address those issues and instead, repeated his argument and his mere disagreement with the Court's decision.  *ECF No. 107.*  A motion that merely raises a disagreement, is not an appropriate reconsideration motion as it is not a vehicle for a second bite at the apple.

### A.    Plaintiff's Claim for Negligence

In asking the Court for reconsideration of the dismissal of his negligence claim, Plaintiff argues that his claim involves "the imposition of an independent common law duty of care to Plaintiff's property." *ECF No. 107, at 3.*  This argument is as devoid of merit as it was when addressed and dismissed by the Court.  In its decision, the Court correctly ruled that without an independent duty

imposed by law, Plaintiff's negligence claim is barred. *ECF No. 104, Opinion at 12.*

**B.      Plaintiff's Claim for Trespass to Property**

In his Amended Complaint, Kraft alleged a trespass against Wells Fargo, asserting that Wells Fargo representatives "repeatedly entered and intruded" on the property, thereby "resulting in damage to [Kraft's] real and personal property." *ECF No. 86 ¶¶ 231-46.* In dismissing the claim, the Court correctly ruled that the language in the mortgage is unambiguous and allowed Wells Fargo to enter and secure the property and to "do and pay for whatever is necessary to protect the value of the property" after Kraft defaulted on his Mortgage. *ECF No. 104, Opinion at 22.* As such, any purported entry was authorized by the terms of the Mortgage.

In his Motion, Plaintiff argues that the Court mischaracterized Defendants alleged entries onto Plaintiff's property as a performance of a contractual duty instead of a right. He states, without any support, that his trespass claim meets the prima facie standards of <u>Pinkowski</u> and <u>Wouters</u>. *ECF No. 107, at 3.* Plaintiff argues that "whatever is necessary is the epitome of ambiguity, and reflects an unconscionable contract of adhesion." *ECF No. 107, at 3.* However, Plaintiff presents no factual or legal principle "overlooked" by the Court in rejecting his

meritless claim for trespass.   Rather, Plaintiff simply disagrees with the Court, which is insufficient.

### C.    Plaintiff's Claim for Malicious Prosecution

Plaintiff speculatively argues again that Wells Fargo is somehow responsible for his apparent arrest by the Middletown Police and asserts that the Court used the wrong rationale in deciding to dismiss the claim.   He argues that using the Myrick standard was inapplicable in this matter but fails to explain why.  *ECF No. 107, at 3.*  The Court should reject Plaintiff's request for reconsideration of the dismissal of his unpleaded, vague, and meritless malicious prosecution claim, as there is no basis for such treatment.

As regards the other claims, Plaintiff did not address any of the other dismissed counts and therefore they should remain dismissed with prejudice and are not subject to reconsideration.

### POINT III

### PLAINTIFF IS NOT ENTITLED TO RECONSIDERATION OF THE ORDER DENYING PLAINTIFF'S APPEAL OF JUDGE LOIS H. GOODMAN, U.S.M.J.'S NOVEMBER 20, 2018 DECISION

On July 31, 2017, this Court issued an Opinion dismissing Kraft's FDCPA and 42 U.S.C. § 1983 claims.  *ECF Nos. 55 & 56.*  On August 14, 2017, Kraft filed a Motion for reconsideration of that Order.  *ECF No. 57.*  On March 28, 2018, this

Court issued an Opinion and Order denying Plaintiff's Motion for Reconsideration. *ECF Nos. 67 & 68.*

One month later, in complete disregard of the Court's March 28, 2018 Opinion and Order, Plaintiff filed a frivolous and meritless Motion to Amend before Magistrate Judge Goodman seeking to reassert his already rejected FDCPA and 42 U.S.C. § 1983 claims. *ECF No. 69.* On November 20, 2018, Magistrate Judge Goodman denied Plaintiff's Motion to Amend to assert those claims. *ECF No. 84.* On December 4, 2018, Kraft filed an "Appeal of Magistrate Judge Decision" which sought review of Magistrate Judge Goodman's November 20, 2018 Order denying his Motion to Amend. *ECF No. 88.*

On July 31, 2019, The Court denied Kraft's Motion for Reconsideration of Judge Goodman's Order denying his Motion to Amend. *ECF No. 106.*

On August 12, 2019, Plaintiff filed a "Motion for Reconsideration and to Vacate this Court's July 31, 2019 Order by the Hon. Brian R. Martinotti Denying Plaintiff's Appeal from Decision of Magistrate Goodman." *ECF No. 108 at 1.* Plaintiff argues that the Court's decision is a clear error of law and fact as it overlooked factual allegations in Plaintiff's First Amended Complaint. *Id.* Plaintiff re-argues that he set forth sufficient *prima facie* claims under the FDCPA against Wells Fargo for alleged false and misleading misrepresentations. In actuality, Plaintiff failed to provide any additional support that was not already

- 8 -

considered and rejected by the Court several times.  As the Court correctly ruled, Plaintiff was already precluded, multiple times, from pursuing his meritless FDCPA and 42 U.S.C. § 1983 claims.

Further, as the Court also noted, Plaintiff's appeal is procedurally defective pursuant to Local Rule 7.1(b)(2) and Local Rule 7.2(d).  The Court properly denied Plaintiff's Appeal of the November 20, 2018 Order of Judge Lois H. Goodman, U.S.M.J.  Plaintiff presents no basis for reconsideration and therefore, his Motion for Reconsideration must be denied.

## POINT IV

### PLAINTIFF'S MOTION FOR RECONSIDERATION IS AN IMPROPER ATTEMPT TO RE-ARGUE HIS CLAIMS AND DELAY RESOLUTION OF THIS MATTER

Plaintiff is attempting to use his repetitive Motions for Reconsideration as additional opportunities to reargue and delay the resolution of this case.  The procedural history between the parties is rather tortuous and spans for over a decade and this case spans three years and over one hundred docket entries.  The inception of the disputes related to Plaintiff date back to 2006, some thirteen (13) years ago when the foreclosure on Plaintiff's property was initiated.  Plaintiff's Motions are plainly improper and cause Wells Fargo to incur more costs than it already has incurred.  Despite multiple bites at the apple, Plaintiff is still unable to

make out any cause of action against Wells Fargo and the case should remain
dismissed.

## **<u>CONCLUSION</u>**

For all of the foregoing, it is requested that Plaintiff's Motion(s) for
Reconsideration be denied.

**REED SMITH LLP**


*/s/ Diane A. Bettino*
Diane A. Bettino

Dated:  September 5, 2019