NOT FOR PUBLICATION

UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF NEW JERSEY

---

WARREN R. KRAFT,

           Plaintiff,

v.

WELLS FARGO & COMPANY; WELLS FARGO BANK, N.A.; SERVICELINK FIELD SERVICES, LLC,

           Defendants.

Case No. 16-cv-05729-BRM-LHG

**OPINION**

---

**MARTINOTTI, DISTRICT JUDGE**

Before this Court is a Motion for Reconsideration filed by *pro se* Plaintiff Warren R. Kraft ("Kraft") (ECF No. 107), seeking reconsideration of the Court's July 31, 2019 Opinion & Order (ECF Nos. 104 & 105), which granted motions to dismiss (ECF Nos. 92 & 93) filed by Defendants Wells Fargo & Company, Wells Fargo Bank, N.A.'s (together, "Wells Fargo"), and ServiceLink ("ServiceLink") (collectively, "Defendants"). Having reviewed the submissions filed in connection with the motion and having declined to hold oral argument pursuant to Federal Rule of Civil Procedure 78(b), for the reasons set forth herein and for good cause shown, Kraft's Motion for Reconsideration is **DENIED**.

**I. BACKGROUND**

The underlying facts and procedural background are set forth at length in the Court's July 31, 2019 Opinion (ECF No. 104), dismissing the Amended Complaint (ECF No. 85)[1] and from which Kraft seeks reconsideration, arguing the Court overlooked factual allegations resulting "in a decision manifested in errors of law." (ECF No. 107.) In the interest of judicial economy, the Court refers the parties to that Opinion for a full recitation of the factual background of this dispute.[2]

**II. LEGAL STANDARD**

While not expressly authorized by the Federal Rules of Civil Procedure, motions for reconsideration are proper pursuant to this District's Local Civil Rule 7.1(i). *See Dunn v. Reed Group, Inc.,* Civ. No. 08–1632, 2010 WL 174861, at *1 (D.N.J. Jan 13, 2010). The comments to that Rule make clear, however, that "reconsideration is an extraordinary remedy that is granted 'very sparingly.'" L.Civ.R. 7.1(i) cmt. 6(d) (quoting *Brackett v. Ashcroft*, Civ. No. 03-3988, 2003 WL 22303078, *2 (D.N.J. Oct. 7, 2003)); *see also Langan Eng'g & Envtl. Servs., Inc. v. Greenwich Ins. Co.,* Civ. No. 07–2983, 2008 WL 4330048, at *1 (D.N.J. Sept. 17, 2008) (explaining that a Motion for Reconsideration under Rule 7.1(i) is "'an extremely limited procedural vehicle,' and

---

[1] On December 3, 2018, Kraft filed a "Corrected" Amended Complaint correcting certain typographical and other minor errors. (ECF No. 86.) Kraft has a history of filing supplemental or corrected briefs and pleadings.

[2] This case has a strained procedural history. In addition to this motion, Kraft seeks reconsideration of this Court's denial of his appeal of a magistrate judge's order. (ECF No. 108 (seeking reconsideration of ECF No. 106, which denied the appeal of a magistrate judge order (ECF No. 84)).) The magistrate judge's order (ECF No. 84) permitted the filing—but limited the scope—of the Amended Complaint (ECF No. 85), the dismissal of which Kraft now seeks reconsideration (ECF No. 107). Kraft's motion grounded in challenges to the magistrate judge's order (ECF No. 108) is the subject of a separate opinion and order.

requests pursuant to th[is] rule[] are to be granted 'sparingly'") (citation omitted); *Fellenz v. Lombard Investment Corp.*, 400 F. Supp. 2d 681, 683 (D.N.J. 2005).

A motion for reconsideration "may not be used to relitigate old matters, nor to raise arguments or present evidence that could have been raised prior to the entry of judgment." *P. Schoenfeld Asset Mgmt., LLC v. Cendant Corp.*, 161 F. Supp. 2d 349, 352 (D.N.J. 2001). Instead, Local Civil Rule 7.1(i) directs a party seeking reconsideration to file a brief "setting forth concisely the matter or controlling decisions which the party believes the Judge or Magistrate Judge has overlooked." L.Civ.R. 7.1(i); *see also Bowers v. Nat'l Collegiate Athletic Ass'n,* 130 F. Supp. 2d 610, 612 (D.N.J. 2001) ("The word 'overlooked' is the operative term in the Rule.")

To prevail on a motion for reconsideration, the moving party must show at least one of the following grounds: "(1) an intervening change in the controlling law; (2) the availability of new evidence that was not available when the court [made its initial decision]; or (3) the need to correct a clear error of law or fact or to prevent manifest injustice." *Max's Seafood Café v. Quinteros,* 176 F.3d 669, 677 (3d Cir. 1999); *see also N. River Ins. Co. v. CIGNA Reinsurance, Co.*, 52 F.3d 1194, 1218 (3d Cir. 1995) (internal quotations omitted). A court commits clear error of law "only if the record cannot support the findings that led to the ruling." *ABS Brokerage Servs. v. Penson Fin. Servs., Inc.*, No. 09–4590, 2010 WL 3257992, at *6 (D.N.J. Aug. 16, 2010) (*citing United States v. Grape*, 549 F.3d 591, 603–04 (3d Cir. 2008)) "Thus, a party must . . . demonstrate that (1) the holdings on which it bases its request were without support in the record, or (2) would result in 'manifest injustice' if not addressed." *Id.* Moreover, when the assertion is that the Court overlooked something, the Court must have overlooked some dispositive factual or legal matter that was presented to it. *See* L.Civ.R. 7.1(i).

In short, "[m]ere 'disagreement with the Court's decision' does not suffice." *ABS Brokerage Servs.*, 2010 WL 3257992, at *6.* (quoting *P. Schoenfeld*, 161 F. Supp. 2d at 353); *see also United States v. Compaction Sys. Corp.,* 88 F. Supp. 2d 339, 345 (D.N.J. 1999) ("Mere disagreement with a court's decision normally should be raised through the appellate process and is inappropriate on a motion for [reconsideration]."); *Florham Park Chevron, Inc. v. Chevron U.S.A., Inc.,* 680 F. Supp. 159, 163 (D.N.J. 1988); *Schiano v. MBNA Corp.,* Civ. No. 05–1771, 2006 WL 3831225, at *2 (D.N.J. Dec. 28, 2006) ("Mere disagreement with the Court will not suffice to show that the Court overlooked relevant facts or controlling law, . . . and should be dealt with through the normal appellate process. . . .") (citations omitted).

**III. DECISION**

Kraft argues the Court "overlooked factual allegations in Plaintiff's First Amended Complaint and controlling law, which resulted in a decision manifested in errors of law."[3] (ECF No. 107-1 at 1.) Specifically, he contends the Court "significantly rais[ed] [plaintiff's] factual and legal burden" when reviewing the Motions to Dismiss pursuant to Federal Rule of Civil Procedure 12(b)(6) and instead ruled on the matter utilizing Federal Rule of Civil Procedure 12(b)(1). (ECF No. 107-1 at 2.) In support, Kraft asserts that the Court's use of the phrase "fails to prove" was improper. (*Id.*) Kraft next contends his negligence claim "involves the imposition of an independent common law duty of care to [P]laintiff's property" considering *Holmes v. Kmico Realty Corp.,* 598 F.3d 115 (3d Cir. 2010). (*Id.*) He also contends the Court mischaracterized his

---

[3] Kraft claims his Amended Complaint contained "well pled plausible allegations setting forth sufficient prima facie claims for Negligence, Conversion of Personal Property, Defamation, Slander of Title, Malicious Prosecution and Trespass to Real Property." (ECF No. 107-1 at 1). However, Kraft only discusses his claims for Negligence, Trespass, and Malicious Prosecution. Therefore, this Court will not deviate from its prior Opinion and Order dismissing his causes of action for conversion, defamation, and slander of title. (ECF No. 104.)

trespass claim as it meets the "[*prima facie*] standards of [*Pinkowsi v. Township of Montclair,* 691 A.2d 837 (N.J. App. Div. 1997) and *State v. Wouters,* 177 A.3d 299 (N.J. App. Div. 1962)] cases."[4] Finally, Kraft argues the Court's reliance on the rationale in *Myrik* is inapplicable to his malicious prosecution claim. The Court will address each argument in turn.

First, there is no support in the record for Kraft's argument that the Court used a Rule 12(b)(1) standard based on any "fail[ure] to prove" language. In its July 31, 2019 Opinion, this Court stated, "Wells Fargo and ServiceLink argue they are not liable for trespass as Kraft *fails to prove* that any of their representatives' visit to the Property were 'unauthorized' based on the terms of the Mortgage, and therefore, did not constitute a trespass." (ECF No. 104 at 19 (citing ECF Nos. 92 & 93) (emphasis added).) Kraft takes the phrase "fails to prove" out of context by erroneously disregarding the first twelve words of the sentence. (ECF No. 107-1 at 2.) It is clear from the full quote that the Court was referring to Wells Fargo and ServiceLink's arguments in support of their Motions to Dismiss. Kraft's argument regarding 12(b)(1) falls flat.

Moreover, Kraft's argument concerning the Court's failure to consider his negligence claim in light of *Kimco* is unpersuasive and misguided. Indeed, this Court specifically cited *Kimco* in addressing and dismissing the claim. (ECF No. 104 at 11.) Further, Kraft fails to cite "an intervening change in the controlling law," does not point out evidence that was not available when the Court dismissed his claims, or any "clear error[s] of law or fact or to prevent manifest injustice." *Max's Seafood Café*, 176 F.3d at 677.

Kraft's argument regarding his trespass claim is similarly deficient. Kraft asserts that his trespass claim meets the *prima facie* standards of *Pinkowsi* and *Wouters*. (ECF No. 107-1 at 3.)

---

[4] Plaintiff referrers to these cases by short-cite without any legal citation. (ECF No. 107-1 at 3.) Further, Kraft does not explain or apply these cases to the facts at hand.

However, this Court considered both cases in its Opinion. (ECF No. 104 at 19.) Kraft simply disagrees with this Court's ruling and does not present any factual or legal principles that this Court overlooked.

Finally, Kraft argues that the *Myrik* rationale applied by this Court is inapplicable to his claim of malicious prosecution. (ECF No. 107-1 at 3.) However, Kraft does not provide any support for this assertion or explain why *Myrik* is inapplicable.[5] (*Id.*)

Therefore, Kraft's Motion for Reconsideration is **DENIED.**

### IV. CONCLUSION

For the reasons set forth above, Plaintiff's Motion for Reconsideration (ECF No. 107) is **DENIED**. An appropriate order will follow.

**Date:** March 31, 2020     */s/ Brian R. Martinotti*
**HON. BRIAN R. MARTINOTTI**
**UNITED STATES DISTRICT JUDGE**

---

[5] Kraft improperly filed a Reply Letter Brief to Wells Fargo and Service Link's oppositions to Kraft's Motion for Reconsideration. (ECF No. 111.) While this reply was improper pursuant to Local Civil Rule 7.1(i), it was considered.