NOT FOR PUBLICATION

UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF NEW JERSEY

---

WARREN R. KRAFT,

        Plaintiff,

v.

WELLS FARGO & COMPANY; WELLS FARGO BANK, N.A.; SERVICELINK FIELD SERVICES, LLC,

        Defendants.

Case No. 3:16-cv-05729-BRM-LHG

**OPINION**

---

**MARTINOTTI, DISTRICT JUDGE**

Before this Court is a Motion for Reconsideration filed by *pro se* Plaintiff Warren R. Kraft ("Kraft") (ECF No. 108), seeking reconsideration of the Court's July 31, 2019 Order (ECF No. 106), which denied Kraft's appeal (ECF No. 88) of the Honorable Lois H. Goodman, U.S.M.J.'s decision (ECF No. 84) granting in part and denying in part Kraft's motion to amend (ECF No. 69). Defendants Wells Fargo & Company, Wells Fargo Bank, N.A.'s (together, "Wells Fargo"), and ServiceLink ("ServiceLink") (collectively, "Defendants") oppose Kraft's motion. (ECF No. 109 & 110.) Having reviewed the submissions filed in connection with the motion and having declined to hold oral argument pursuant to Federal Rule of Civil Procedure 78(b), for the reasons set forth herein and for good cause shown, Kraft's Motion for Reconsideration is **DENIED**.

    **I.**    **BACKGROUND**

The underlying facts are set forth at length in the Court's July 31, 2017 Opinion, dismissing Kraft's FDCPA and § 1983 claims and declining to exercise supplemental jurisdiction over state

law claims. (ECF No. 55.) In the interest of judicial economy, the Court refers the parties to that Opinion for a full recitation of the factual background of this dispute.

This case has a tortured and circular procedural history, which the Court briefly summarizes here. Since the July 2017 dismissal, Kraft was denied reconsideration of that decision (ECF No. 68) and was granted leave to file—and did so file—a motion to amend his complaint (*id.*; ECF No. 69). Judge Goodman granted the motion to amend to the extent Kraft sought diversity jurisdiction for the state law claims and denied the motion as to the FDCPA and § 1983 claims. (ECF No. 84.) Kraft appealed that decision (ECF No. 88),[1] the appeal was denied (ECF No. 106), and Kraft now moves for reconsideration of that denial, arguing the Court overlooked pertinent law and facts (ECF No. 108).

## II. LEGAL STANDARD

While not expressly authorized by the Federal Rules of Civil Procedure, motions for reconsideration are proper pursuant to this District's Local Civil Rule 7.1(i). *See Dunn v. Reed Group, Inc.,* Civ. No. 08–1632, 2010 WL 174861, at *1 (D.N.J. Jan 13, 2010). The comments to that rule clarify, however, that "reconsideration is an extraordinary remedy that is granted 'very sparingly.'" L.Civ.R. 7.1(i) cmt. 6(d) (quoting *Brackett v. Ashcroft*, Civ. No. 03-3988, 2003 WL 22303078, *2 (D.N.J. Oct. 7, 2003)); *see also Langan Eng'g & Envtl. Servs., Inc. v. Greenwich Ins. Co.,* Civ. No. 07–2983, 2008 WL 4330048, at *1 (D.N.J. Sept. 17, 2008) (explaining that a motion for reconsideration under Rule 7.1(i) is "'an extremely limited procedural vehicle,' and requests pursuant to th[is] rule[ ] are to be granted 'sparingly'") (citation omitted); *Fellenz v. Lombard Investment Corp.*, 400 F. Supp. 2d 681, 683 (D.N.J. 2005).

---

[1] To the extent Kraft was permitted to file a First Amended Complaint in order to sufficiently plead diversity jurisdiction, that complaint has since been dismissed. (ECF No. 105.) Kraft's motion for reconsideration of that decision (ECF No. 107) is the subject of a separate opinion and order.

A motion for reconsideration "may not be used to re-litigate old matters, nor to raise arguments or present evidence that could have been raised prior to the entry of judgment." *P. Schoenfeld Asset Mgmt., LLC v. Cendant Corp.*, 161 F. Supp. 2d 349, 352 (D.N.J. 2001). Instead, Local Civil Rule 7.1(i) directs a party seeking reconsideration to file a brief "setting forth concisely the matter or controlling decisions which the party believes the Judge or Magistrate Judge has overlooked." L.Civ.R. 7.1(i); *see also Bowers v. Nat'l Collegiate Athletic Ass'n,* 130 F. Supp. 2d 610, 612 (D.N.J. 2001) ("The word 'overlooked' is the operative term in the rule.")

To prevail on a motion for reconsideration, the moving party must show at least one of the following grounds: "(1) an intervening change in the controlling law; (2) the availability of new evidence that was not available when the court [made its initial decision]; or (3) the need to correct a clear error of law or fact or to prevent manifest injustice." *Max's Seafood Café v. Quinteros,* 176 F.3d 669, 677 (3d Cir. 1999); *see also N. River Ins. Co. v. CIGNA Reinsurance, Co.*, 52 F.3d 1194, 1218 (3d Cir. 1995) (internal quotations omitted). A court commits clear error of law "only if the record cannot support the findings that led to the ruling." *ABS Brokerage Servs. v. Penson Fin. Servs., Inc.*, No. 09–4590, 2010 WL 3257992, at *6 (D.N.J. Aug. 16, 2010) (*citing United States v. Grape*, 549 F.3d 591, 603–04 (3d Cir. 2008)) "Thus, a party must . . . demonstrate that (1) the holdings on which it bases its request were without support in the record, or (2) would result in 'manifest injustice' if not addressed." *Id.* Moreover, when the assertion is that the Court overlooked something, the Court must have overlooked some dispositive factual or legal matter that was presented to it. *See* L.Civ.R. 7.1(i).

In short, "[m]ere 'disagreement with the Court's decision' does not suffice." *ABS Brokerage Servs.*, 2010 WL 3257992, at *6. (quoting *P. Schoenfeld*, 161 F. Supp. 2d at 353); *see also United States v. Compaction Sys. Corp.,* 88 F. Supp. 2d 339, 345 (D.N.J. 1999) ("Mere

disagreement with a court's decision normally should be raised through the appellate process and is inappropriate on a motion for [reconsideration]."); *Florham Park Chevron, Inc. v. Chevron U.S.A., Inc.,* 680 F. Supp. 159, 163 (D.N.J. 1988); *Schiano v. MBNA Corp.,* Civ. No. 05–1771, 2006 WL 3831225, at *2 (D.N.J. Dec. 28, 2006) ("Mere disagreement with the Court will not suffice to show that the Court overlooked relevant facts or controlling law, . . . and should be dealt with through the normal appellate process. . . .") (citations omitted).

### III. DECISION

Kraft argues the Court erred in denying his appeal, ultimately attacking Judge Goodman's denial of his motion to amend with respect to his FDCPA and § 1983 claims, stating: "Magistrate Goodman's Order and Opinion failed to recognize the alternative definition of debt collector, applicable to defendants ServiceLink and Wells Fargo, as sufficiently pled under the FDCP [sic] claims against these aforesaid defendants by Plaintiff." (ECF No. 108 at 3.) Because the Court did not correct this on appeal, he seeks reconsideration. (*Id.*)

Kraft, however, fails to consider that this Court denied his appeal because it was procedurally deficient because he omitted a Notice of Motion pursuant to Local Rule 7.1(b)(2) and because it far exceeded the 15-page limit set forth in Local Rule 7.2(d).[2] (ECF No. 106.) The Court will not reconsider or vacate its decision, as Kraft has not demonstrated the Court overlooked any law or fact in denying the appeal on these procedural bases, or that its decision was without support in the record. Any dispute with the Court's underlying dismissal regarding the merits of the case

---

[2] Kraft has a history of filing late or overlength briefs, filing timely briefs followed by supplemental briefs, and seeking requests for extensions. (*See, e.g.*, ECF Nos. 30, 41, 46, 49, 50, 61, 75, 81, 86, 87, 100, 101, 114.) As in the past, Kraft filed a Reply Letter Brief for this Motion for Reconsideration, this time without permission. (ECF No. 112.) While this reply was improper pursuant to Local Civil Rule 7.1(i), it was reviewed and considered.

can be addressed through the appellate process.[3] Accordingly, Kraft's Motion for Reconsideration is **DENIED.**

### IV. CONCLUSION

For the reasons set forth above, Plaintiff's Motion for Reconsideration (ECF No. 108) is **DENIED.** An appropriate order will follow.

**Date:** March 31, 2020                 */s/Brian R. Martinotti*
                                                                    **HON. BRIAN R. MARTINOTTI**
                                                                    **UNITED STATES DISTRICT JUDGE**

---

[3] Even if the Court were to review the merits of this case and review Kraft's substantive challenges to Judge Goodman's decision, Kraft's motion for reconsideration would be denied and the FDCPA and § 1983 claims would remain dismissed. Judge Goodman thoroughly reviewed Kraft proposed first amended complaint, properly finding his amended allegations did not cure the deficiencies from the July 2017 dismissal of the federal claims. (ECF No. 84.)